**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Ave., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

Attorneys for Plaintiff
Luis Perez

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS PEREZ,<br><br>  Plaintiff,<br><br>vs.<br><br>CREDIT PROTECTION ASSOCIATION, L.P.,<br><br>  Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**<br><br>**3. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

## INTRODUCTION

1. Luis Perez (Plaintiff) brings this action to secure redress from Credit Protection Association, L.P. (Defendant) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, violations of the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788], and for violations of the Telephone Consumer Protection Act [47 U.S.C. § 227].

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Los Angeles County, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in Texas. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA and the RFDCPA.

## FACTUAL ALLEGATIONS

7. Since approximately 2014, and specifically within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

8. At all times relevant to this action, Defendant owned, operated and/or controlled telephone number (844) 335-5702. At all times relevant to this action, Defendant called Plaintiff from, but not limited to, the forgoing telephone number for the purpose of collecting the alleged debt.

9. From approximately 2014, and including within one year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff at Plaintiff's cellular telephone number ending in 5908.

10. From approximately 2014, and including within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff seeking to collect the alleged debt.

11. From approximately 2014, and including within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

12. On several occasions, Plaintiff requested that Defendant cease placing collection calls to his cellular telephone.

13. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

14. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

15. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

16. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number hundreds of times using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

17. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

18. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff. On countless occasions, Plaintiff revoked consent on by answering Defendant's calls, advising that the calls were harassing, and demanded that Defendant's calls cease. Defendant would often respond by advising that the calls would not cease, could not cease as they were automated/pre-programed, and/ or that Defendant was not harassing Plaintiff and the calls would continue until payment was made.

19. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

20. Defendant is not a tax exempt nonprofit organization

21. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff on countless occasions.

**FIRST CAUSE OF ACTION**
**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

(a) Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

(b) Defendant violated 15 U.S.C. §1692d(5) by causing a telephone to ring repeatedly and continuously with the intent to annoy, harass, or oppress Plaintiff.

24. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

25. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## SECOND CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a). Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b). Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c). Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of

Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

28. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

### THIRD CAUSE OF ACTION
### (Violations of the TCPA, 47 U.S.C. § 227)

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

32. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds

that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

33.   Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)   An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b)   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and CAL. CIV. CODE § 1788.30(a); and

(c)   As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d)   As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e)   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and CAL. CIV. CODE § 1788.30(b); and

(f)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and CAL. CIV. CODE § 1788.30(c); and

(g)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(h)   For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: September 22, 2015  **MARTIN & BONTRAGER, APC**

By: /s/ Nicholas J. Bontrager

Nicholas J. Bontrager
*Attorney for Plaintiff*